UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BRENT BHARATH,

    Plaintiff,                                    CASE NO.

    v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, BRENT BHARATH ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Defendant conducts business in the State of Florida establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person who resides in Miramar, Broward County, Florida.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and, according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant is a business entity with an office located at 8035 East R. L. Thornton Freeway, Suite 200, Dallas, Texas 75228.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant contacts Plaintiff in an attempt to collect a debt on behalf of, upon information and belief, HSBC.

12. The alleged debt arises from transactions which were for personal, family and/or household purposes.

13. In its collection attempts, Defendant places telephone calls to Plaintiff's cellular telephone, (954) 376-93xx.

14. When Plaintiff is unable to answer Defendant's collection call, Defendant leaves Plaintiff a voicemail message.

15. Around the middle of November 2012, Defendant left Plaintiff a voicemail when it called in connection with its attempts to collect the debt. *See* transcribed message, attached

hereto as Exhibit A.

16. Defendant's message suggests legal action has been taken against Plaintiff by claiming that an "affidavit of complaint" has been filed against Plaintiff, providing Plaintiff with a "case number" and instructing Plaintiff or his attorney representing him, suggesting Plaintiff needs an attorney, to call Defendant.  *See* Exhibit A.

17. Upon information and belief, neither Defendant nor HSBC has filed any lawsuit or otherwise taken any legal action against Plaintiff with respect to the debt.

18. However, Defendant never identifies its company nor does it inform Plaintiff that it is a debt collector.  *See* Exhibit A.

19. Defendant also withholds that the true purpose and nature of its call is to attempt to collect a debt from Plaintiff.  *See* Exhibit A.

20. Defendant's message suggests that a lawsuit has been, or is about to be filed, against Plaintiff and further attempts to intensify the purported severity of its call by suggesting that Plaintiff or his "attorney that will be representing" him needs to call Defendant.  *See* Exhibit A.

21. Defendant uses false, deceptive and misleading representations in connection with its attempts to collect the alleged debt by suggesting legal action has been, or will be, taken, by not disclosing the true purpose of its phone call and by not disclosing that it is a debt collector in order to deceive Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 *et seq*.

22. Defendant violated the FDCPA based on the following:

　　a) Defendant violated § 1692d of the FDCPA by engaging in conduct the

natural consequence of which is to annoy Plaintiff.

b) Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity to Plaintiff in its message.

c) Defendant violated §1692e(5) of the FDCPA threatening action that cannot, or is not intended, to be taken.

d) Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

e) Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its written communication that it is a debt collector.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

23. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

25. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: s/ Shireen Hormozdi
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x 267
Fax: (866) 385-1408
shormozdi@consumerlawcenter.com
Attorney for Plaintiff
Florida Bar No. 0882461

4